IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROSA L. PEREZ-RIVERA,

    Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

CIVIL NO. 12-1389 (CVR)

## OPINION AND ORDER

## INTRODUCTION

Plaintiff Rosa L. Pérez Rivera (hereafter plaintiff "Pérez-Rivera") filed this action for judicial review of the final decision of defendant, the Commissioner of Social Security (hereafter "Commissioner") denying her application for a protected period of disability and ensuing disability benefits. (Docket No. 1).[1]

On November 13, 2012, the Commissioner answered the Complaint and filed a copy of the administrative record.  (Docket Nos. 8 and 9).[2]

On November 27, 2012, plaintiff Pérez-Rivera, through Atty. Salvador Medina De La Cruz, filed a consent to proceed before the Magistrate Judge. (Docket No. 6).[3]  On March

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
"... [t]he court shall have power to enter, upon the pleadings and transcript
of the record, a judgment without remanding the cause for rehearing".  Section 205(g).

[2]  The Clerk of Court ordered said party to re-file the pleadings as filed in error.  Although the record shows it was not done as such, the submission of defendant's memorandum of law is deemed sufficient to entertain the same for a perusal shows only the title of the entry in the CM/ECF System was switched and the essence of the necessary documents is considered sufficient for this Court.

[3] The government has provided a general consent to proceed before a United States Magistrate Judge in all Social Security cases.  Title 28, United States Code, Section 636(b)(1)(A), (c)(1) and (c)(2); Fed.R.Civil P. 73(a).

Rosa I. Pérez-Rivera v. Commissioner of S.S.
Opinion and Order
Civil No. 12-1389 (CVR)
Page No. 2

20, 2013, Atty. Medina De La Cruz filed plaintiff's memorandum of law.  (Docket No. 21).

Thereafter, on April 19, 2013, the Commissioner filed his memorandum.  (Docket No. 22).

## BACKGROUND

Plaintiff Pérez-Rivera filed an application for disability benefits with onset date of

disability of December 1, 2001 and was found insured for disability purposes up to

September 30, 2005.  She suffered a mental condition diagnosed as bipolar disorder with

major depression.

After the application was initially denied, the requested administrative hearing was

held and plaintiff Pérez-Rivera did not testify at the administrative hearing and  waived her

appearance.[4]  Thereafter, the presiding ALJ issued an opinion finding plaintiff Pérez-Rivera

not under disability up to her insured period, that is, through September 30, 2005 for she

was determined able to continue working in her regular work as a sewing machine operator.

 The Appeals Council denied the request for review becoming the final decision as to which

judicial review is requested through this action.

Plaintiff Pérez-Rivera argues that it was an error of the ALJ to determine at Step

Four of the sequential process that she could still perform her past relevant work as she did

in the past and as it prevails in the national economy for not complying with proper legal

standard.  (Docket No. 21, Plaintiff's memo., p. 2; Docket No. 9, Transcript p. 21). Plaintiff

alleges the ALJ failed to make a function analysis and comparison of the past relevant work

physical or mental demands and if there were production requirements, congruent with a

---

[4]    The Administrative Law Judge's (hereafter "ALJ") opinion referred to plaintiff appearing and testifying.
However, the record is clear that such assertion is not accurate.

Rosa I. Pérez-Rivera v. Commissioner of S.S.
Opinion and Order
Civil No. 12-1389 (CVR)
Page No. 3

stressful work setting which could exacerbate plaintiff's mental condition.  In such context, the ALJ made no inquiry or specific findings as to the physical or mental demands of plaintiff's past relevant work which should be considered error.  (Docket No. 21, Plaintiff's memo., pp. 4-5).  Additionally, plaintiff submits the ALJ did not take into consideration the findings of the treating psychiatrist Dr. Ronald Malavé (hereafter "Dr. Malavé") who assessed the mental condition as severe, without giving adequate reasons for disregarding same.  (*Id.*, pp. 5-6).

 The Commissioner's memorandum of law argues it is for a plaintiff to establish entitlement to a determination of disability from Steps One to Four in the administrative process so being  her burden to  show her impairment prevented her from returning to her past relevant work.  (Docket No. 22, pp. 11-12).  The Commissioner then summarizes the medical evidence of record which served as ground for the necessary substantial evidence in support of the ALJ's findings and decision of no disability.  (*Id.*, pp. 3-10).

**THE ALJ'S DECISION AND THE APPEALS COUNCIL**

Plaintiff Pérez-Rivera applied for a period of disability and ensuing benefits on December 21, 2005, alleging onset date of disability of December 1, 2001 because of schizo-affective and bipolar disorder.  After the application was denied, the requested administrative hearing was held wherein plaintiff waived appearing but was represented by counsel.  In applying in the administrative process the evaluation mandated by law, the ALJ indicated plaintiff Pérez-Rivera had: (1) met the non-disability requirements for a period of disability and disability insurance benefits and is insured for benefits through September 30, 2005 and had not engaged in substantial gainful activity since the alleged

Rosa I. Pérez-Rivera v. Commissioner of S.S.
Opinion and Order
Civil No. 12-1389 (CVR)
Page No. 4

onset date of disability of December 1, 2001; (2) allegations of severe impairments or combination thereof because of a mental condition of moderate bipolar disorder were considered as a severe impairment; (3) plaintiff did not have an impairment or combination that met or equaled the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) upon consideration of the entire record, plaintiff Pérez-Rivera was found to retain the residual functional capacity to perform her previous relevant work as a sewing machine operator for she could still perform regular work activity not involving contact with the public or frequent contact with supervisors and co-workers, which were consistent with her past work. (*Id.*, pp. 17-20).

As such, on May 27, 2009, the ALJ issued the administrative opinion finding plaintiff Pérez-Rivera not disabled. The ALJ found plaintiff retained the residual functional capacity to perform her past relevant work as a sewing machine operator and, thus, was found not disabled at Step Four of the administrative process. (Docket No. 9, Transcript, pp. 15-22). Considering the above evidence and conclusions, the ALJ determined through the date last insured plaintiff Pérez-Rivera was able to perform her past relevant work. Hence, she was not under disability. (*Id.*, p. 21-22).

## LEGAL ANALYSIS

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters

entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he/she is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).

Rosa I. Pérez-Rivera v. Commissioner of S.S.
Opinion and Order
Civil No. 12-1389 (CVR)
Page No. 6

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b). If not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from  performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on  whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work.  §§ 404.1520(f).

Rosa I. Pérez-Rivera v. Commissioner of S.S.
Opinion and Order
Civil No. 12-1389 (CVR)
Page No. 7

The ALJ in the instant case examined and analyzed plaintiff Pérez-Rivera's case following the relevant steps above described, as applicable, and then at step four considered plaintiff could perform her past relevant work as a sewing machine operator. Since the administrative decision only reached the fourth step, there was no vocational or medical expert testimony required and step five analysis was not required.[5]

Plaintiff's memorandum of law objects to the ALJ's findings for the alleged failure to deploy the proper legal standards by not indicating the requirements of plaintiff's past work requirements or the reasons for not giving proper weight to the treating psychiatrist's findings.

The Court of Appeals for the First Circuit has indicated an ALJ is "not required to recite every piece of evidence that favored appellant." *See* Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

---

[5] The claimant has the burden under steps one through four of proving that he/she cannot return to his/her former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991).

The Commissioner, through the ALJ, is authorized to give greater weight to testimony and reports of medical experts commissioned by the administrative agency than to testimony and reports of other medical experts in determining whether a claimant is disabled.  Similarly, the ALJ is entitled to reject a treating physician's conclusions that a claimant is totally disabled and accept contradictory medical evidence in the record. Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988).  That more weight is given to those reports of non-primary treating physician is not an error of the ALJ. See Barrientos v. Secretary of Health & Human Servs., 820 F.2d 1, 2-3 (1st Cir. 1987).

The ALJ in this case determined Dr. Malavé's opinion was not supported by progress notes nor by the rest of the medical evidence of record.  However, since Dr. Malavé also worked for the Behavioral Health Center, the ALJ considered the terms of treatment provided at said institution as shown by the progress notes included and signed by other physicians.  The ALJ also studied the assessment of state agency physicians, Dr. Orlando Reboredo (hereafter "Dr. Reboredo"), as supported by Drs. Luis R. Vecchini (hereafter "Dr. Vecchini") and Mabel Dávila (hereafter "Dr. Dávila").

Whether a claimant is disabled prior to expiration of his coverage for disability purposes depends on the existence of credible and reliable evidence of the severity of the condition during the critical period.  Thus, a claimant must meet the burden of establishing by credible evidence that the mental impairment was of disabling level as of last date on which he/she qualified for disability coverage being insufficient to establish that the mental impairment had its roots prior to that date.  Deblois v. Secretary of Health & Human Servs., 686 F.2d 76 (1st Cir. 1982).  As such, claimant is considered not being able to establish that

Rosa I. Pérez-Rivera v. Commissioner of S.S.
Opinion and Order
Civil No. 12-1389 (CVR)
Page No. 9

his/her mental impairment disabled him/her from performing work before his/her last insured period expired.  Santiago v. Secretary of Health & Human Servs., 944 F.2d 1, 5 (1st Cir. 1991).

The ALJ herein examined medical evidence after plaintiff's insured period expired, indicating progress notes after such date were given due deference but as these referred to conditions after plaintiff ceased to be insured they were not considered in the administrative decision.  (Docket No. 9, Transcript, p. 18).

Once at the fifth step, it is for the Commissioner to establish the existence of other jobs that exist within a claimant's residual functional capacity.  Having the ALJ concluded that Pérez-Rivera was not precluded from the performance of her previous past work, the burden did not shift to the ALJ.  It is only once a plaintiff cannot return to his/her previous work, that the burden shifts to the Commissioner to prove the existence of other jobs in the national economy that could be performed within the determined residual functional capacity .  20 C.F.R. §404.1520(f) and (g).[6]

In considering the medical evidence, the ALJ's opinion stated plaintiff Pérez-Rivera was treated for a bipolar disorder as revealed by the notes of the Behavioral Health Center ("Centro de Salud Conductual") of the Ponce School of Medicine.  There was also a

---

[6]  "(f) Your impairment(s) must prevent you from doing your past relevant work.  If we cannot make a determination or decision at the first three steps of the sequential evaluation process, we will compare our residual functional capacity assessment, which we made under paragraph (4) of this section, with the physical and mental demands of your past relevant work.  See paragraph (h) of this section and §404.1560(b).  If you can still do this kind of work, we will find that you are not disabled.
        (g) Your impairment(s) must prevent you from making an adjustment to any other work. (1) If we find that you cannot do your past relevant work because you have a severe impairment(s) (or you do not have any past relevant work), we will consider the same residual functional capacity assessment we made under paragraph (e) of this section, together with your vocational factors (your age, education, and work experience) to determine if you cam make an adjustment to other work..."

consultative evaluation by Dr. Armando Caro (hereafter "Dr. Caro") on September 2, 2003 and a questionnaire filled out by Dr. Malavé, as treating psychiatrist also with the Centro de Salud Conductual, without any progress notes signed by Dr. Malavé or specificity of what dates the diagnosis covered. (Docket No 9, Transcript, p. 17). Progress notes from Centro de Salud Conductual attested by other personnel revealed the patient fluctuated from depressed to anxious and the diagnostic impression was of a single episode major depressive disorder. The notes also revealed the patient as logical, coherent, relevant, well oriented, with appropriate affect, judgment and thought process. (*Id*.). There were no delusions, hallucinations, ideas of reference or psychosis. (*Id.*, p. 18).

The ALJ further considered the consultant psychiatrist' report of Dr. Caro dated July 2, 2003, which described the patient as depressed, with neutral mood but logical, coherent and relevant, without thought disturbances or suicidal ideas. Judgment and insight were not significantly impaired and she was oriented, with well preserved memories. The diagnosis was of major depressive disorder of moderate intensity.

As to the treating psychiatrist Dr. Malavé, since no progress notes were submitted, the questionnaire prepared consisted of a checklist of signs and symptoms. According to these checkmarks, the patient was markedly limited in her capacity to understand, remember and carry out detailed instructions, sustain concentration and space in proximity to others. Dr. Malavé did not list the dates of treatment nor explained the data on which he based his diagnostic impression of bipolar disorder and major depressive disorder nor his conclusion of being markedly limited. The ALJ considered the absence of progress notes deprived him from analyzing the pattern of said treatment and its effect on plaintiff's daily

Rosa I. Pérez-Rivera v. Commissioner of S.S.
Opinion and Order
Civil No. 12-1389 (CVR)
Page No. 11

living and capacity to perform work-related activities and different treatment interviews. Thus, the ALJ's analysis in terms of treatment was limited to progress notes from the Centro de Salud Conductual. (*Id*.). Progress notes from after the date plaintiff Pérez-Rivera was last insured, that is, September 30, 2005 were given due deference but not considered in the ALJ's decision.

Examining the evidence for the relevant period, the ALJ determined the record as a whole showed the mental condition suffered by Pérez-Rivera was moderate in intensity but for purposes of disability was considered a severe impairment as the same resulted in mild restriction of activities of daily living, moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence and pace, without episodes of decompensation. (*Id*., pp. 18-19). These were similarly formulated by Dr. Reboredo, clinical psychologist, and the psychiatric review technique form was adopted by Dr. Vecchini and Dr. Dávila, psychiatrist from the state agency. In conclusion, plaintiff Pérez-Rivera was found as moderately restricted in daily activities and social functioning capacity and her depressive disorder limited her to simple, detailed or complex tasks which did not require contact with the public or frequent contact with supervisors and co-workers. On this conclusion, the mental condition did not preclude performance of the past relevant work activity during the time period at issue. (*Id*., p. 19).

In addition to the above narrative of medical evidence and diagnostic impressions referred in the ALJ's opinion, a perusal of the record reveals plaintiff Pérez-Rivera received psychiatric treatment since December 2001 for a major depressive disorder with psychosis. (Docket No. 9, Transcript p. 221). Treatment in 2002 by Centro de Salud Conductual Oeste

refers to a female individual who appeared oriented in the three spheres, communicative, with variable mood. The patient reported auditory hallucinations were no longer present and no psychosis was present. She appeared well-dressed, held visual contact and was coherent. (*Id.*, p. 207). By the year 2003, progress notes indicate the patient stopped taking medications because she felt well and wanted to see if the medications were not necessary. Upon failure to follow pharmacological treatment, voices and visions returned, as well as insomnia and obsessive thoughts. Once she started again with medications, there was immediate improvement. The patient was described as well dressed, cooperative, somewhat anxious, with appropriate effect and conversation, not manic or hypomanic, without cognitive difficulties, no suicide ideas, no delusions or hallucinations and non-psychotic. (*Id.*, p. 193). Progress notes for the year 2004 referred to feeling depressed again, with nightmares and insomnia. She appeared well dressed, with make-up, depressed but appropriate. A note indicates the patient maintained good symptomatic response, no undesired symptoms, cooperative, without psychosis present. (Docket No. 9, Transcript, p. 189). In year 2005, the patient is referred as having adequate response, no agitation, admitted to having mood swings. She was well groomed, cooperative and euthymic, with appropriate affect. (*Id.*, pp. 182-183). In the year 2006, after the insured period had expired on September 30, 2005, the Ponce School of Medicine's notes refers to the patient as having good appearance, with good grooming and hygiene, a cooperative attitude and calm motor activity. Speech was non-fluid with laconic responses. Thought process was coherent, relevant and logic, without formal thought disorder. There were no perceptual

Rosa I. Pérez-Rivera v. Commissioner of S.S.
Opinion and Order
Civil No. 12-1389 (CVR)
Page No. 13

disorders, was oriented in the three spheres and judgment was fair.  The diagnostic impression was of 296.89 in Axis I, that is, bipolar disorder.  (*Id.*, p. 169).

Dr. Malavé from the Centro de Salud Conductual summarized treatment was received from December 7, 2001 through November 3, 2006, the last visit.  There is a reference, without time frame, of hallucinations or delusions, decreased energy and appetite, mood disturbance and difficulty in thinking and concentration.  It also referred to emotional withdrawal and sleep disturbances.  (*Id.*, p. 160).  Dr. Malavé then considered that remember work-like procedures and understand and remember detailed instructions were markedly limited and understanding and remembering very short simple instructions was moderately limited.  (*Id.*, p. 161).  Likewise, as to sustained concentration and persistence in which plaintiff was considered moderately limited to carry out very short and simple instructions and markedly limited to carry out detailed instructions, maintain attention and concentration for extended periods.  (*Id.*).  Dr. Malavé noted the patient's impairments would cause to be absent from work more than four days per month.  (*Id.*, p. 162).

As to Dr. Malavé's assessments, the ALJ indicated said markedly limited residual functional capacity was not supported by his own findings nor by those on the whole record from December 2, 2001 through September 30, 2005, including the progress notes of Centro de Salud Conductual as attested to by other physicians in the same institution. (Docket No. 9, Transcript p. 19).

Plaintiff Pérez-Rivera argues the ALJ should have further explained insofar as her ability to perform her past relevant work in how her residual functional capacity rendered

Rosa I. Pérez-Rivera v. Commissioner of S.S.
Opinion and Order
Civil No. 12-1389 (CVR)
Page No. 14

her able to return to her usual work as generally performed in the national economy.  On this issue, references to Soc. Sec. Rep. Serv., Ruling 82-62 and to a district court decision of another Magistrate Judge in Civil No.  07-1860 were made.[7]

The ALJ referred that plaintiff Pérez-Rivera had performed work as a sewing machine operator and found that her mental condition, which was considered of moderate intensity, imposed restriction as to interacting with the public in a regular work routine as supported by the medical evidence.  With Pérez-Rivera's depressive disorder, she was still able to fulfill simple, detailed or complex tasks, which would not require contact with the public and/or frequent contact with supervisors and co-workers.  Taking also as true plaintiff's alleged sadness, tension and lack of stamina, these did not preclude either the residual functional capacity assessment.  Since Pérez-Rivera's past relevant work did not require performance above the referred limitations, she was found not precluded from performance of such work activity.

Furthermore, the record contains Pérez-Rivera's description of the duties of an employment as a sewing machine operator, where she would sit for eight hours, as well as handle, grasp and reach up to ten pounds, did not supervise any other individual and was not a lead worker, using one needle pedal in the sewing machine and leaving the clothing in a cart for another person to pick them up. (Docket No. 9, Transcript, pp. 84-85, 94-95).  By waiving plaintiff's appearance at the administrative hearing, she deprived the ALJ from

---

[7]   The concern therein was the ALJ did not indicate what evidence established plaintiff could return to her occupation as it was generally performed in the national economy.  To the contrary, in the present case, there are several instances wherein the ALJ referred to how plaintiff's condition would not preclude performance of her job as a sewing machine operator.

further clarifying if there was any other physical requirement as to her past relevant work that needed to be considered and even though her counsel was present no argument whatsoever was raised. (*Id.*, pp. 233-235). *See* Santiago v. Secretary of Health & Human Servs., 944 F.2d 1 (claimant presented no evidence as to how activities were important elements of her relevant work as a sewing machine operator for it is for claimant to carry the burden of showing how her alleged limitations of function affected the work demands of the job).

The ALJ also took into consideration that plaintiff's mental condition allowed her to take care of personal needs and have adequate interpersonal relations. (*Id.*, p. 21). Consideration was also afforded to evidence that plaintiff was for the most part described as logical, coherent, oriented in the three spheres with preserved remote, past, recent and immediate memory, disclosing appropriate affect, judgment, thought process and content. At step four of the sequential evaluation process, the burden is on the plaintiff to show she can no longer perform her particular former work because of her impairments and it is clear Pérez-Rivera failed to carry her burden.

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[8] The court would set

---

[8] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

Rosa I. Pérez-Rivera v. Commissioner of S.S.
Opinion and Order
Civil No. 12-1389 (CVR)
Page No. 16

aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. *See* Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Rodríguez, 647 F.2d at 222.

In view of the above discussed, this Magistrate Judge opines the decision of the Commissioner is supported by substantial evidence in the record as a whole.

**CONCLUSION**

For the reasons above discussed, this United States Magistrate Judge, having carefully perused the record and after determining there was substantial evidence in support of the decision rendered by the Commissioner, AFFIRMS the Commissioner's decision.

Judgment to be entered accordingly.

In San Juan, Puerto Rico, on this 29th day of April of 2013.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED   STATES   MAGISTRATE   JUDGE